## HAMILTON *v.* BALDWIN.

*(Circuit Court, E. D. Missouri, N. D.  January 30, 1890.)*

COSTS—AMOUNT IN CONTROVERSY.
  Under Rev. St. U. S. § 968, which provides that when a plaintiff, in a suit originally brought in the federal court, recovers less than $500, he shall not recover costs, but may be adjudged to pay costs, where a plaintiff suing on a bill of exchange exceeding $500 recovers only $400, because of the allowance of a counter-claim for breach of warranty, each party must pay his own costs.

At Law.  On motion to tax costs.
Action by George Hamilton against S. H. Baldwin.
*Harrison & Mahan*, for plaintiff.
*Anderson & Schofield*, for defendant.

THAYER, J.  The plaintiff in this case, prior to the judiciary act of March 3, 1887, sued the defendant as drawer of a bill of exchange for a sum in excess of $500. The defendant pleaded, by way of counter-claim, that the bill had been given in part payment for a bull sold and delivered by the plaintiff to the defendant with a certain warranty as to soundness and breeding qualities; that the warranty had been broken, and that defendant, in consequence thereof, had sustained damages. The trial of

the cause resulted in a verdict whereby the jurors found for plaintiff on his cause of action for the full amount of the bill and accrued interest; that is, for a sum exceeding $500. They found in favor of the defendant, however, on his counter-claim, and assessed his damages for the breach of the warranty at a sum which, when deducted from plaintiff's damages, reduced the judgment in his favor to about $400. Under the provisions of section 968, Rev. St. U. S., which provides, in substance, that when a plaintiff in a suit originally brought in the federal court recovers less than $500 he shall not recover costs, but, at the discretion of the court, may be adjudged to pay costs, it is now insisted by defendant that plaintiff be compelled to pay all the costs, or, if that order is not granted, that he shall not be allowed to recover his costs. It is manifest that the court would not be justified in assessing all the costs against the plaintiff. Such an order with respect to costs should only be made in those cases where it is apparent that a plaintiff has demanded greater damages than he had any expectation of recovering, solely with a view of conferring a jurisdiction on the court that does not properly belong to it. The claim preferred by the plaintiff in the present case was evidently made in good faith, the suit being on a bill of exchange for more than $500, no part of which had been paid. In the absence of any adjudications on the subject, I should entertain doubts whether the statute in question ought to be applied in the case at bar, so as to prevent the plaintiff from recovering his costs. The evident purpose of the statute was, as above suggested, to prevent litigants from claiming a greater recovery than they were entitled to, merely for the purpose of conferring jurisdiction on the federal courts. When a litigant, as in this case, sues on a bill of exchange or other liquidated demand that exceeds the amount necessary to give the federal court jurisdiction, and the judgment is in his favor, but is reduced to an amount less than $500 by a counter-claim founded upon a demand for unliquidated damages, it would seem as though the case was not within the reason of the statute, and that it ought to have no application. It has been held, however, that, if the judgment entered for the plaintiff is for less than $500, plaintiff cannot be awarded his costs. *Leeds* v. *Cameron*, 3 Sum. 488; *Curranee* v. *McQueen*, 2 Paine, 109. According to this view, it is the judgment which the plaintiff is entitled to have entered that determines his right to costs. Adopting that as the proper construction of the statute, it follows that, although the jury assessed plaintiff's damages on his cause of action for a sum exceeding $500, yet inasmuch as the judgment was reduced to less than $500 by the finding on the counter-claim, the plaintiff is not entitled to costs. The result is that each party must be left, as at common law, to pay his own costs. *Gibson* v. *Railroad Co.*, 31 Fed. Rep. 553. Judgment will be entered accordingly.