### VAN SICLEN v. BARTOL et al.

(Circuit Court, E. D. Pennsylvania.    October 6, 1899.)

COSTS—RECOVERY OF LESS THAN FIVE HUNDRED DOLLARS.

When a plaintiff in an action at law or a suit in equity for a money decree recovers less than $500, exclusive of costs, under Rev. St. § 968, he cannot recover his costs, and may, in a case where the court has discretion in the matter, be taxed with the defendant's costs.

Motion by Defendants Concerning Costs.   The facts appear in 95 Fed. 793.

John W. Weed and Frank R. Shattuck, for complainant.

Wm. C. Hannis, for respondents.

McPHERSON, District Judge.   I think this motion must prevail in part.   Section 968 of the Revised Statutes was not called to my attention upon the hearing, and the decree for costs was entered without considering its provisions.   I have since examined the cases referred to by counsel upon the argument of this motion, and some other cases bearing upon the subject, and have come to the conclusion that under such a state of facts as is now presented the statute leaves the court no option.

If a plaintiff seeks a judgment at law or a decree in equity for the payment of money, and fails to recover as much as $500, exclusive of costs, he must pay his own costs, at least, and may (where the court has a discretion in the matter) be compelled to pay also the costs of the defendant.   Where the chief object of the bill is not to obtain a money decree, but some other form of relief, the test of the plaintiff's right to recover costs may perhaps be different.   In the present case a money decree is the sole object of the bill; the plaintiff is the only person entitled to the benefit of such decree, no other bondholders having joined in the proceeding; and the sum recovered is less than $500.   The plaintiff must therefore be denied the right to recover his costs, but I decline to impose upon him the costs of the defendants.

The decree will be modified so as to stand for $181, with interest from October 3, 1895, but without costs of suit.