### McCARTHY v. AMERICAN THREAD CO.

(Circuit Court, D. New Jersey. January 17, 1906.)

Costs—Recovery of Less Than $500—Penalty for Colorably Invoking Jurisdiction.

The right or duty of the Circuit Court to penalize a plaintiff recovering less than $500 by requiring the payment of defendant's costs, under Rev. St. § 968 [U. S. Comp. St. 1901, p. 702], depends upon the same facts which authorize the court to dismiss the action under Judiciary Act March 3, 1875, c. 137, § 5, 18 Stat. 472 [U. S. Comp. St. 1901, p. 511]; and such penalty should not be imposed unless it appears to the satisfaction of the court, either from the declaration or on the trial, that the damages were laid in the declaration at a sum in excess of $2,000 for the mere purpose of giving colorable jurisdiction to the court and without any expectation of recovering more than such sum.

[Ed. Note.—For cases in point, see vol. 13, Cent. Dig. Costs, §§ 20, 47, 255.]

At Law. On motion of defendant concerning costs.

Donald G. Perkins, for plaintiff.

James and Malcolm G. Buchanan, for defendant.

LANNING, District Judge. The defendant is a corporation and citizen of New Jersey, but has its manufacturing plant in Connecticut. The plaintiff is a minor and a resident of Connecticut, and was injured in the factory of the defendant while engaged in its service. This suit was brought by her for the recovery of damages resulting from the injury. The jury awarded her $100. The defendant now moves that the plaintiff be required, under the provisions of section 968 of the Revised Statutes of the United States [U. S. Comp. St. 1901, p. 702], to pay to the defendant its costs. That section is as follows:

"When in a Circuit Court, a plaintiff in an action at law originally brought there, or a petitioner in equity, other than the United States, recovers less than the sum or value of five hundred dollars, exclusive of costs, in a case which cannot be brought there unless the amount in dispute, exclusive of costs, exceeds said sum or value; or a libelant, upon his own appeal, recovers less than the sum or value of three hundred dollars, exclusive of costs, he shall not be allowed, but, at the discretion of the court, may be adjudged to pay, costs."

Section 1 of the act of March 3, 1875 (18 Stat. 470, c. 137 [U. S. Comp. St. 508]), provides that:

"The Circuit Courts of the United States shall have original cognizance, concurrent with the courts of the several states, of all suits of a civil nature, at common law or in equity, where the matter in dispute exceeds, exclusive of interest and costs, the sum or value of two thousand dollars," etc.

The ground upon which the motion is based is that the plaintiff must have known that she could not recover as much as $2,000 for her damages; that the claim for $5,000 set up in the declaration in her suit was for the mere purpose of giving colorable jurisdiction to this court; and that the real object in bringing the suit in this court, rather than in a court of the state of Connecticut, was to harass and vex the defendant, and to increase its expense in defending the suit. In Cottle v. Payne, Fed. Cas. No. 3,268, Greene v. Bateman, Fed. Cas. No. 5,762, Hunter v. Marlboro, Fed. Cas. No. 6,908, Hamilton v. Baldwin (C. C.) 41 Fed. 429, and Van Siclen v. Bartol (C. C.) 96 Fed. 796, the rule is quite clearly laid down that the plaintiff will not be required to pay the defendant's costs where the amount recovered by the plaintiff is less than $500, except by way of penalty for bringing in a federal court a suit that should have been tried in a state court.

The fifth section of the act of March 3, 1875, c. 137, 18 Stat. 472 [U. S. Comp. St. 1901, p. 511], provides that:

"If in any suit commenced in a Circuit Court * * * it shall appear to the satisfaction of said Circuit Court at any time after such suit has been brought * * * that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said Circuit Court * * * the said Circuit Court shall proceed no further therein but shall dismiss the suit * * * and shall make such order as to costs as shall be just."

Section 968 of the Revised Statutes [U. S. Comp. St. 1901, p. 702] is substantially the same as section 20 of the original judiciary act of 1789 (1 Stat. 83, c. 20). Up to 1875, if any party brought suit in a Circuit Court of the United States averring his damages to be more than $500 when he knew they were less than that sum, while the court could not dismiss the suit it could penalize him by requiring him to pay the de-

fendant's costs. Green v. Liter, 8 Cranch, 242, 3 L. Ed. 545; Gordon v. Longest, 16 Pet. 104, 10 L. Ed. 900. But the fifth section of the act of March 3, 1875, c. 137, 18 Stat. 472 [U. S. Comp. St. 1901, p. 511], made two changes in the law: It raised the minimum jurisdictional limit of a Circuit Court from $500 to $2,000, and it requires the court, if at any time a suit pending in it shall appear not really and substantially to involve a dispute or controversy properly within the court's jurisdiction, to "proceed no further therein," but to "dismiss the suit." In Barry v. Edmunds, 116 U. S. 550, 6 Sup. Ct. 501, 29 L. Ed. 729, and Put-in-Bay Waterworks, Light & Ry. Co. v. Ryan, 181 U. S. 431, 21 Sup. Ct. 709, 45 L. Ed. 927, it was held that a suit cannot be properly dismissed by a Circuit Court of the United States as not substantially involving a controversy within the jurisdiction of the court, unless the facts, as they appear on the record, create a legal certainty of that conclusion. The averments in the declaration filed in this suit are not such as to create a legal certainty that the plaintiff could not recover more than $2,000. Therefore, the suit could not have been dismissed for any defect in the declaration. If, however, on the trial, the court had been satisfied that the plaintiff laid her damages in her declaration at a sum in excess of $2,000 for the mere purpose of giving colorable jurisdiction to the court, and without any expectation of recovering more than $2,000, the suit should have been dismissed, without submitting it to the jury, as one not within the court's jurisdiction. Wetmore v. Rymer, 169 U. S. 119, 120, 18 Sup. Ct. 293, 42 L. Ed. 682. While I think it clear that the proofs in the case would not have supported a verdict for $2,000, I am not satisfied that by fixing the damages in the declaration at more than that sum the plaintiff sought merely to give colorable jurisdiction to this court, or that the suit did not really and substantially involve a dispute or controversy properly within the court's jurisdiction.. The plaintiff testified that she still suffers pain as the result of the accident, and she is entitled to the presumption that her claim is made in good faith.

As the motion to impose costs on the plaintiff is based on the same grounds as those upon which a motion to dismiss would necessarily have been based, the motion now made must be denied.