# AMY B. ZIMMERMAN
*v.*
# SAN JUAN LIGHT & TRANSIT COMPANY.

Law, No. 551.

1. No attorney's fee will be allowed under § 573, Rev. Stat. of Porto Rico, in a suit on three counts, one for damages to business and two for libel, when it is uncertain from the verdict that any damages were given on the libel counts.

2. See a reference to cases in which the recovery was less than $500, yet the court refused to make plaintiff pay her own costs.

Opinion filed November 7, 1908.

*Mr. N. B. K. Pettingill,* attorney for plaintiff.

*Mr. Henry F. Hord,* attorney for defendant company.

RODEY, Judge, delivered the following opinion:

This matter is before the court on a motion of the defendant that the costs be taxed against the plaintiff, and on a motion of the plaintiff that, because two of the described causes of action are for alleged slanders and libels of plaintiff, an attorney's fee should be assessed against the defendant as a part of the judgment, under § 573 of the Revised Statutes (1902) of Porto Rico. The respective counsel opposes the other's motion and insists upon his own.

The situation is peculiar. On April 13, 1908, the defendant, believing that plaintiff had failed to pay her electric light bill to it for service in the furnishing of light at her residence, sent a man there who cut the electric connection, took out the meter, and left plaintiff's residence in darkness. She alleged in her complaint, which she filed seven days later, on April 20th, that this agent of defendant slandered her, in the presence of her servants and others, by saying that the light was cut out because she had not paid her bill. It turned out that she really had paid her bill at the time, but that the defendant's bookkeepers had made some mistake and had not credited her with the payment. She immediately demanded from defendant that the meter be put back and light furnished her as previously, and was answered that as soon as she paid her bill the same would be done. The evidence tended to show that she knew well, at the time the meter was taken out, that she had paid her bill, and that defendant had probably made a mistake about it.

Zimmerman v. San Juan Light & T. Co.

She set out three alleged causes of action in her complaint: First, that she was entitled to damages for the great humiliation and annoyance, and the damage to her business; and it was in evidence that she was a dressmaker and milliner, and had workwomen at her house almost nightly, requiring the light; and second, that she was entitled to damages for the slander and libel committed, as alleged, by the agent of the defendant at the time of the cutting out of the light; and third, that she was entitled to damages for the slander and libel committed by the officials of the main office of the defendant in their reply to her at the time she demanded that the meter be put back and the service continued. Plaintiff originally claimed damages in the sum of $5,000, but, on the day of the trial, requested leave, which was granted, to increase the demand to $6,000.

On May 15, 1908, a trial of the case was had before a jury, and the cause was fully argued by counsel for the respective sides, and submitted to the jury under elaborate and careful instructions of the court. A general verdict in favor of the plaintiff for only the sum of $99.69 was returned, and a judgment was thereupon rendered for that amount, with costs against the defendant. That is the present condition of the record. The motions referred to were filed respectively May 29th for the defendant, and June 1st for the plaintiff. Although the term at which the verdict and judgment were rendered has expired, still, the motions were filed within the term, and were, by proper orders, continued to the present term.

Defendant's motion to tax the costs of the case against the plaintiff is based on § 968 of the Revised Statutes of the United States (U. S. Comp. Stat. 1901, p. 702), which provides that: "When, in a circuit court, a plaintiff in an action at law orig-

IV. Porto Rico—21.

inally brought there, or a petitioner in equity, other than the United States, recovers less than the sum or value of five hundred dollars, exclusive of costs, in a case which cannot be brought there unless the amount in dispute, exclusive of costs, exceeds said sum or value . . . he shall not be allowed, but, at the discretion of the court, may be adjudged to pay, costs."

Sec. 573 of the Revised Statutes of Porto Rico, before referred to, which is included in the chapter regarding actions to recover damages for libel and slander, reads: "If there be a judgment in favor of plaintiff, the judgment shall include costs and a reasonable attorney's fee to be assessed by the court. If the court finds that the action was without justifiable cause, the judgment shall include, besides costs, an attorney's fee, which shall be assessed by the court, and shall not exceed one hundred and fifty dollars."

We stated at the outset that the case is peculiar. We say this because, after examining the local Code of 1904, we have grave doubt that two causes of action so radically different as libel and slander and tort or breach of contract can be joined in the same complaint. The Code sets out, § 104, that the plaintiff may unite several causes of action in the same complaint when they arise out of certain enumerated sorts of contracts, claims, or injuries. But subsection 8 of that enumeration of causes of action that can be joined reads that "the causes of action so united must all belong to only one of those classes, etc., but that an action for malicious arrest and prosecution, or either of them, may be united with either an injury to the character or to the person."

Because of this latter provision, it would seem to be the intent of the law that other sorts of radically different causes cannot

Zimmerman v. San Juan Light & T. Co.

be joined. Now, it plainly appears from this complaint that two of the causes of action stated in the complaint in the case at bar were for two different slanders or libels, and the third was for damages for a tort in cutting out the electric light service from plaintiff's residence when she had paid for it, and refusing to furnish it to her on her offer to pay the proper charge therefor. However, no point was made as to this in the pleadings, and it only embarrasses us now when we are called to pass upon these motions as a jurisdictional question, and calls to mind that perhaps plaintiff never in fact had a right to sue in this court.

It is urged on behalf of defendant that, in this court, when a plaintiff recovers less than $500, costs cannot be awarded under the national statute referred to, and that this rule is mandatory upon the court. On the other hand, it is urged that the section referred to (§ 968, U. S. Rev. Stat.) is applicable only to circuit courts of the United States, and not to a territorial court such as this has been held to be. That this is not a circuit court of the United States in the national and constitutional sense, but that, under § 34 of the Foraker law (31 Stat. at L. 77, chap. 191), it is merely given jurisdiction "in all cases cognizant in circuit courts of the United States," with leave to proceed therein in the same manner as such circuit courts.

In reply to this, defendant urges that the words last above quoted from the Foraker law puts this court, as to procedure, on exactly the same footing as a circuit court of the United States, and that a law of Congress, when applicable in Porto Rico, being paramount, the local law as to slander and libel, permitting an attorney's fee to be taxed, cannot have force against the same in a case where plaintiff's recovery is for a

sum less than $500. Counsel for plaintiff answers this by say-
ing that the local statute for the assessment by the court of an
attorney's fee is in no sense costs, but is a part of the penalty
imposed by law; and that hence, no matter what the amount of
recovery by the verdict, the attorney's fee must be taxed, because
the statute, in this sense, is mandatory.

We have made a considerable examination of the adjudicated
cases that tend more or less to throw light on the subject we are
here considering, and find it to be the consensus of legal opinion
that the object of the passage of § 968 of the Revised Statutes
of the United States was to prevent litigants in cases where no
constitutional question was involved, from crowding into Unit-
ed States courts by claiming a greater recovery than they were
entitled to, merely for the purpose of conferring jurisdiction on
the Federal courts. Hamilton v. Baldwin, 41 Fed. 430; 2 Fed.
Stat. Anno. 286, notes and cases cited.

Laying aside, for the moment, the question as to whether or
not these two radically different causes of action could or ought
to have been joined in the same suit, it is urged now, on behalf
of defendant, that the court cannot say from the jury's verdict
whether any sum at all was recovered on the libel and slander
causes of action, but that, on the contrary, the inference, from
the character of the evidence introduced and the amount of the
verdict, is that nothing was given by the jury to plaintiff on that
account. On the other hand, counsel for plaintiff urges that,
because of the general form of the verdict, the court has just
as much right, and it is just as much its duty, to suppose that
the jury found for the plaintiff on each of the causes of action
set out in the complaint, even though it amounts to only a nom-
inal recovery in each instance. It is further urged for plaintiff

that the smallness of the verdict under the facts should not be a criterion by which the court should measure the right of the plaintiff to come into this court, and suggests that the cause of action, as alleged and as proved, certainly as to the libel and slander, was quite as weighty as cases tried in this and other courts where the verdict was sometimes thousands of dollars.

It will be seen in the notes in 2 Fed. Stat. Anno. 286, supra, that the national act in question was passed at a time when the limit of jurisdiction in circuit courts of the United States was as low as $500, but that the courts, after the increase of this limit to $2,000, held § 968 to be still in force regarding the taxing of costs when the recovery was for less than $500.

When this court was first organized by § 34 of the Foraker act, supra, its limit of jurisdiction as to amount that must be involved was, of course, the same as a district or circuit court of the United States; that is, $2,000; but this limit was reduced to $1,000 by § 3 of the act of Congress of March 2, 1901 (31 Stat. at L. 953, chap. 812). It will thus be seen that, in order for this court to have had jurisdiction at all, the plaintiff here must have had the right, or, in order to be in good faith, must have had reasonable ground to believe she had the right, to recover at least $1,000. The local statute permitting an attorney's fee to be taxed, while it does not fix the fee that shall be taxed in favor of a plaintiff when recovery is had, does fix it as to a defendant in cases where the plaintiff's action was commenced without justifiable cause, at not to exceed $150. Now, if we should hold for the plaintiff's view here, and assess an attorney's fee as high as $300, still that sum and the verdict combined would be $100 less than the amount which § 968 provides must be recovered before a plaintiff is entitled to costs

Zimmerman v. San Juan Light & T. Co.

at all, and would be $600 less than the jurisdictional limit of the court. If this view is the true one and the jury was right, and the court is to be held without power to go behind the jury's verdict on that subject, then this court never did have jurisdiction in the case at all, and was forced to entertain the suit by the mere wilful or mistaken *ad damnum* clause of the complaint. We admit there is some authority for awarding costs in courts like this, even when the recovery is less than $500, when costs are given by the statute creating the cause of action, as in patent cases, etc., but those statutes are national ones, and the jurisdictional-amount matter does not intervene to complicate the holding. 2 Fed. Stat. Anno. 286, note, supra. We cannot conceive it to be the law that, in the face of this national statute, fixing our minimum jurisdiction at $1,000, in libel and slander cases under the local statute, where the recovery is at most merely nominal, we must also add an attorney's fee of perhaps several hundred dollars.

We have re-examined the pleadings and the instructions to the jury in this case, and, besides, have a distinct recollection of what the evidence was, and it was our individual opinion at the time the trial was had, that this lady, the plaintiff, while she was annoyed considerably by the arbitrary action of the defendant electric light company and its agents, brought a good deal of the annoyance on herself by sitting by and failing to tell the defendant before it ordered the meter taken out, although she had opportunity and notice in that behalf, that she had in fact paid her electric light bill, and that they must be mistaken. In fact, it was our opinion, gathered from plaintiff's own evidence on the stand that she "did not have to tell them" this fact, that her object was to keep silent, and afterwards bring a suit

and claim substantial damages. She may have been partly justified in this, but, under all the circumstances, we think the equities were pretty equally divided in the case, and, from the size of the jury's verdict, we also think this was the view they took of it.

Therefore we feel that ordinarily we ought to follow the ruling made by Judge McPherson in Van Siclen v. Bartol, 96 Fed. 796, and let each party pay his own costs; but as, from the authorities, the court evidently has some discretion in such a case, especially where it cannot be certain that any damage was recovered for the libel and slander counts of the complaint, and as judgment is already entered for the amount of the verdict and the costs, it will be permitted to stand. Therefore both motions will be overruled, and it is so ordered.