### EVANS et al. v. LEHIGH COAL & NAVIGATION CO.

(District Court, E. D. Pennsylvania.  May 27, 1913.)

No. 2,438.

1. JURY (§ 37*)—TRIAL BY JURY—RIGHT—INFRINGEMENT—DIRECTING JUDGMENT.

Where, in an action for wrongful death, the court might properly have granted defendant's motion for a directed verdict, but instead submitted the case to the jury, which disagreed, the court could not thereafter grant defendant's motion for judgment on the whole record, under Act Pa. April 20, 1911 (P. L. 70), authorizing the court in cases where the jury disagrees to certify the evidence, so as to make it a part of the record, and to enter judgment on the whole record, if either party is entitled thereto, whenever a request for binding instructions has been reserved or declined by the trial judge, since to do so would violate Const. U. S. Amend. 7, guaranteeing the right to trial by jury in suits at common law where the value in controversy exceeds $20.

[Ed. Note.—For other cases, see Jury, Cent. Dig. § 220; Dec. Dig. § 37.*]

2. COURTS (§ 328*)—FEDERAL COURTS—JURISDICTION—AMOUNT IN CONTROVERSY.

Plaintiffs sued for the wrongful death of their son, who would have attained his majority in 2 years 5 months and 20 days; damages being laid at $10,000. It was shown that at the time of his death he was earning $2.03 a day, and plaintiffs proved at the trial that they were caused $158 expense for his burial and the cost of a tombstone. Held, that the fact that decedent, had he lived and earned the same amount per day, could have only earned $1,571.22 before he attained his majority, did not show as a matter of law that such sum was the most that plaintiffs could recover, and that the action therefore did not involve $3,000 and was not within the jurisdiction of a federal court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 890–896; Dec. Dig. § 328.*]

At Law.  Action by Jacob Evans and another against the Lehigh Coal & Navigation Company. On motion to dismiss for want of jurisdiction, after mistrial and motion for entry of judgment in favor of defendant on the whole record.  Denied.

William Wilhelm, of Pottsville, Pa., for plaintiffs.

Henry S. Drinker, Jr., of Philadelphia, Pa., for defendant.

THOMPSON, District Judge.  At the trial, upon the close of plaintiffs' evidence, counsel for the defendant moved to dismiss for want of jurisdiction, upon the ground that it was apparent upon the face

---

of the pleadings, in the light of the proof, that the plaintiffs had no lawful ground of recovery in the amount of $3,000, required to give the court jurisdiction, and, at the close of defendant's evidence, moved for binding instructions for the defendant.     Both motions were overruled.   The case went to the jury, and the jury, being unable to agree, was discharged, and the case went over.

[1] 1. Defendant now moves for judgment upon the whole record under the Pennsylvania act of April 20, 1911 (P. L. 70), authorizing the court, in cases where the jury disagrees, to certify the evidence so as to become part of the record, and to enter judgment upon the whole record, if either party is entitled thereto, whenever a request for binding instructions has been reserved or declined by the trial judge.

Assuming that the jury should have been directed to return a verdict for the defendant, I think the power of the court to now enter judgment under the act in question is precluded by the recent decision of the Supreme Court in the case of Slocum v. New York Life Insurance Co., 228 U. S. 364, 33 Sup. Ct. 523, 57 L. Ed. ——.   It was contended by counsel that all that was decided in that case was that the seventh amendment to the Constitution precluded the court in banc or the appellate courts from entering judgment contrary to a verdict found by a jury.   I think it is only necessary to quote briefly from the opinion of the Supreme Court in the Slocum Case to show that the decision has a wider scope than that claimed by counsel for the defendant.   In Mr. Justice Van Devanter's opinion, after discussing the cases, he says:

"In principle, these cases are decisive of the question arising on the motion for judgment on the evidence notwithstanding the verdict.   They show that it is the province of the jury to hear the evidence and by their verdict to settle the issues of fact, no matter what the state of the evidence, and that while it is the province of the court to aid the jury in the right discharge of their duty, even to the extent of directing their verdict, where the insufficiency or conclusive character of the evidence warrants such a direction, the court cannot dispense with a verdict, or disregard one when given, and itself pass on the issues of fact.   In other words, the constitutional guaranty operates to require that the issues be settled by the verdict of a jury, unless the right thereto be waived.   It is not a question of whether the facts are difficult or easy of ascertainment, but of the tribunal charged with their ascertainment; and this, we have seen, consists of the court and jury, unless there be a waiver of the latter."

And again:

"Whether in a given case there is a right to a trial by jury is to be determined by an inspection of the pleadings, and not by an examination of the evidence. . If the pleadings present material issues of fact, either party is entitled to have them tried to the court and a jury; and this is as true of a second trial as of the first.   Whether the evidence is sufficient to sustain a verdict for one party or the other is quite another matter, and does not affect the mode of .trial, but only the duty of the court in instructing the jury, and of the latter in giving their verdict.   The issues to which the jury must respond are those presented by the pleadings, and this whether the evidence be disputed or undisputed, and whether it be ample or meager.   To speak, therefore, of the evidence as determinative of the right to a trial by jury, is to confuse the test of that right with a different test, applicable only in determining whether a particular verdict should be directed."

Following the principles stated above, I am of the opinion that a judgment for the defendant under the provisions of the act of 1911 would be in violation of the plaintiffs' rights under the seventh amendment equally with a judgment non obstante veredicto upon the whole record after verdict under the Pennsylvania act of 1905.

The motion for judgment is therefore dismissed.

[2] 2. The motion to dismiss for want of jurisdiction is based upon section 37 of the Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1098 [U. S. Comp. St. Supp. 1911, p. 146]). The section in question reads as follows:

"If in any suit commenced in a District Court, or removed from a state court to a District Court of the United States, it shall appear to the satisfaction of the said District Court, at any time after such suit has been brought or removed thereto, that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said District Court, or that the parties to said suit have been improperly or collusively made or joined, either as plaintiffs or defendants, for the purpose of creating a case cognizable or removable under this chapter, the said District Court shall proceed no further therein, but shall dismiss the suit or remand it to the court from which it was removed, as justice may require, and shall make such order as to costs as shall be just."

The action is brought by the parents of a minor son to recover damages for his death, alleged to have resulted from the negligence of the defendant company. The statement alleges that the plaintiffs' son was born in October, 1893, and that his death occurred on March 26, 1912. Damages are laid at $10,000. At the trial it was agreed that the date of his birth was September 15, 1893, so that he would have attained the age of 21 years in 2 years 5 months and 20 days, or a total of 903 days. It is further alleged in the statement that at the time of his death he was earning $2.03 per day. It is argued by counsel for the defendant that, assuming that the minor worked every day during the balance of his minority, except Sundays, and if his parents would have received his total gross earnings, without any expense attached thereto for his maintenance, the total sum received would have amounted to but $1,571.22. The plaintiffs proved at the trial that by reason of defendant's wrongful act the plaintiffs were caused expense of $158 for the burial of the decedent and also for the cost of a tombstone.

While under the authority of the cases of Vance v. Vandercook, 170 U. S. 468, 18 Sup. Ct. 674, 42 L. Ed. 1100, and North American Transportation & Trading Co. v. Morrison, 178 U. S. 262, 20 Sup. Ct. 869, 44 L. Ed. 1061, it is settled that if, from the nature of the case as stated in the pleadings, there could not legally be judgment for an amount necessary to give jurisdiction, jurisdiction cannot attach, even though the damages be laid in the declaration at a larger sum, I am not convinced that the pleadings negative the possibility of the plaintiffs recovering a verdict and judgment for an amount necessary to give jurisdiction. And in Barry v. Edmunds, 116 U. S. 550, 6 Sup. Ct. 501, 29 L. Ed. 729, and Put-in-Bay Waterworks Co. v. Ryan, 181 U. S. 431, 21 Sup. Ct. 709, 45 L. Ed. 927, it is held that a suit cannot be properly dismissed, as not substantially involving a controversy within the jurisdiction of the court, unless the facts as they appear on the record create a legal certainty of that conclusion.

I think, therefore, the suit could not have been dismissed for any defect of jurisdictional averments in the statement of claim. The rule for determining the jurisdiction laid down in Smith v. Greenhow, 109 U. S. 669, 3 Sup. Ct. 421, 27 L. Ed. 1080, has been consistently followed in the later decisions. In that case it was stated by the court:

"We cannot, of course, assume as a matter of law that the amount laid, or a less amount, greater than $500, is not recoverable upon the case stated in the declaration, and cannot, therefore, justify the order remanding the cause on the ground that the matter in dispute does not exceed the sum or value of $500. But if the Circuit Court had found, as matter of fact, that the amount of damages stated in the declaration was colorable, and had been laid beyond the amount of a reasonable expectation of recovery, for the purpose of creating a case removable under the act of Congress, so that, in the words of the fifth section of the act of 1875, it appeared that the suit 'did not really and substantially involve a dispute or controversy properly within the jurisdiction of said Circuit Court,' the order remanding it to the state court could have been sustained."

In the case of McCarthy v. American Thread Co. (C. C.) 143 Fed. 678, Judge Lanning, in his opinion denying a motion to impose costs based upon the same grounds as those upon which the present motion to dismiss is based, said:

"If, however, on the trial, the court had been satisfied that the plaintiff laid her damages in her declaration at a sum in excess of $2,000 for the mere purpose of giving colorable jurisdiction to the court, and without any expectation of recovering more than $2,000, the suit should have been dismissed, without submitting it to the jury, as one not within the court's jurisdiction. Wetmore v. Rymer, 169 U. S. 119 [18 Sup. Ct. 293, 42 L. Ed. 682]. While I think it clear that the proofs in the case would not have supported a verdict for $2,000, I am not satisfied that by fixing the damages in the declaration at more than that sum the plaintiff sought merely to give colorable jurisdiction to this court, or that the suit did not really and substantially involve a dispute or controversy properly within the court's jurisdiction."

In the case at bar, while under the evidence presented by the plaintiffs it is not certain that a verdict for $3,000 or over would have been allowed to stand, the evidence does not justify the conclusion that the damages were stated in the declaration in excess of $3,000 merely to give colorable jurisdiction. The rule laid down in Barry v. Edmunds, 116 U. S. 550, 6 Sup. Ct. 501, 29 L. Ed. 729, citing the language of Mr. Justice Story in Whipple v. Cumberland Manufacturing Co., 2 Story, 661, Fed. Cas. No. 17,516 is that a verdict will not be set aside in a case of tort for excessive damages,

—"unless the court can clearly see that the jury have committed some very gross and palpable error, or have acted under some improper bias, influence, or prejudice, or have totally mistaken the rules of law, by which the damages are to be regulated"—that is, "unless the verdict is so excessive or outrageous," with reference to all the circumstances of the case, "as to demonstrate that the jury have acted against the rules of law, or have suffered their passions, their prejudices, or their perverse disregard of justice to mislead them."

In no case is it permissible for the court to substitute itself for the jury, and compel a compliance on the part of the latter with its own view of the facts in evidence, as the standard and measure of that justice, which the jury itself is the appointed constitutional tribunal to

award. The jury disagreed, and I think the plaintiffs are entitled to have the amount of their damages determined by the verdict of another jury.

The motion to dismiss is overruled.