## ISAACSON v. UNITED STATES.

District Court, S. D. New York.
May 8, 1933.

Benjamin A. Judd, of New York City, for plaintiff.

George Z. Medalie, U. S. Atty., of New York City (George B. Schoonmaker, Asst. U. S. Atty., of New York City, and Joseph H. San, of New York City, Attorney for U. S. Veterans' Administration, of counsel), for the United States.

KNOX, District Judge.

Upon the trial of this action, and after both parties had rested, defendant moved for a dismissal of the complaint, and also moved for the direction of a verdict in its favor. Both motions were denied, and the case was submitted to the jury. After deliberating for some time, the jury reported its inability to reach an agreement. It was thereupon directed to return a verdict for the defendant. Plaintiff now asks that this verdict be set aside, and that he be awarded a new trial. The motion is based upon the contention that the action of the court was in violation of plaintiff's rights under the Seventh Amendment to the Constitution.

As presented, the question raised does not go to the point as to whether the court, upon the record, should have directed a verdict for defendant in the first place. For this reason, I shall assume that, upon the proof before the court, the defendant's original motion for a directed verdict should have been granted. The discussion, accordingly, will be limited to the propriety of the court's action, under the circumstances above outlined, in granting defendant's motion for a directed verdict.

Plaintiff places chief reliance upon the case of Slocum v. New York Life Ins. Co., 228 U. S. 364, 33 S. Ct. 523, 57 L. Ed. 879, Ann. Cas. 1914D, 1029. There, the trial court had denied the defendant's motion for a directed verdict, and the jury returned a verdict for the plaintiff. Defendant then moved for judgment notwithstanding the verdict in accordance with the applicable state court practice. This motion was also denied. Upon appeal, the Circuit Court of Appeals reversed the judgment, with direction to sustain this latter motion. 177 F. 842. Upon coming before the Supreme Court on a writ of certiorari, it was held that, although it was proper to reverse the judgment for plaintiff, the action of the Circuit Court of Appeals in directing the entry of judgment for the defendant was inconsistent with the Seventh Amendment, and that a new trial should have been ordered.

The present case differs from the Slocum Case, in that here the jury failed to reach a verdict. In this suit there was no setting aside of the verdict of a jury. The court merely directed a verdict when it concluded, upon the failure of the jury to reach an agreement, that the evidence could not properly sustain a verdict in favor of plaintiff. It is true that in Evans v. Lehigh Coal & Navigation Company, 205 F. 637 (District Court, E. D. Pa.), the court held that the principles

enunciated in the Slocum Case precluded the court from entering judgment for a defendant upon the whole record under an appropriate state statute, after the jury had been unable to agree and had been discharged. But that is not quite the same as the case at bar, where the verdict was directed before the jury was discharged. Such action was held to be proper by the Court of Appeals for the Third Circuit in the case of Chesapeake Transit Company v. Mott, 169 F. 543, where it affirmed the action of the trial court in directing a verdict for the defendant, after the jury had been unable to come to an agreement. True enough, the Slocum Case was subsequently decided, but the result, in the decision referred to, appears not to be incompatible with the reasoning of the Supreme Court in the later adjudication.

The vice of the procedure that was followed in the Slocum Case, according to the opinion of the Supreme Court, appears to have been that the lower court re-examined the issues of fact that were raised therein, after they had been determined by the verdict of the jury. The court said at page 398 of 228 U. S., 33 S. Ct. 523, 537: "That verdict operated, under the Constitution, to prevent a reexamination of the issues save on a new trial granted by the trial court in the exercise of its discretion, or ordered by the appellate court for error of law."

Here, however, there was no verdict rendered by the jury which can be deemed to have foreclosed the right of the court to pass upon the sufficiency of plaintiff's evidence.

In addition, it should be noted that three justices of the Supreme Court concurred with the present Chief Justice, in dissenting from the decision in the Slocum Case, and that the majority view has been subjected to vigorous attack by various text-writers. See Schofield, New Trials and the Seventh Amendment, 8 Ill. L. Rev. 287, 381, 465; Thorndike, Jury Trials in the United States Courts, 26 Harv. L. Rev. 732; Committee of the American Bar Association, Proceedings, 1913, XXXVIII, 561.

These factors are conducive to a narrow interpretation of the Slocum Case, rather than to an extension of its doctrine to cover such a situation as is presented by the case at bar. Cf. Italian Star Line v. U. S. Shipping Board E. F. Corp., 53 F.(2d) 359, 80 A. L. R. 576, where the Court of Appeals for this circuit held that the rule enunciated in the Slocum Case did not prevent the trial court from dismissing the complaint after the jury had returned a verdict for the plaintiff. Cf.

also the well-settled rule that a judge may reconsider his ruling admitting testimony during a trial, and direct that it be withdrawn from the consideration of the jury. Pennsylvania Coal Co. v. Roy, 102 U. S. 452, 26 L. Ed. 141. The same considerations of practicality in the administration of justice that were involved in these decisions are pertinent to the determination of the present motion. Common sense dictates that the labor and expense of a new trial should not have to be undergone merely because an erroneous ruling was made, where the court, upon further consideration, can correct such ruling. In my opinion, the Seventh Amendment, as applied in Slocum v. New York Life Insurance Co., supra, does not deprive the court of this power.

Motion denied.